REDFERN v. STACY AND CAMPBELL.

A RECEIPT ON ITS FACE, HELD TO CONTAIN A CONTRACT.
> Where plaintiff delivered wheat at defendants' elevator and in return received a receipt acknowledging its receipt, to be held in storage, "to be sold not later than the middle of July, without insurance:" *Held*, that this receipt on its face contained a contract and that it was the duty of the court to have instructed the jury as to its effect and duty of parties under it.

HAYNES, J. (orally.)

The record in this case discloses that an action was brought on account for selling 265 25-60 bushels of wheat at seventy-five cents per bushel on the 15th day of July, 1892, by Joseph Redfern to Stacy & Co. The defendants by answer deny every allegation in the petition except that they are a partnership.

Redfern v. Stacy and Campbell.

They say that the business of such partnership is and at the date hereinafter mentioned was that of buying and selling grain, and storing grain for persons desiring to have the same kept in store to await a possible rise in the market.

That according to the custom of the business generally and of the business of these defendants, persons who stored grain are required to pay for the time such grain is in store one-half cent per bushel per month for storage and insurance of said grain against loss by fire.

That on April 27, 1892, the plaintiff delivered to defendants as partners the quantity of wheat mentioned in the petition to be held in store subject to his order, but with the agreement on the part of these defendants that they would charge plaintiff nothing for storage or insurance for and during the first sixty (60) days after said wheat was delivered to them, that the wheat was so delivered defendants and not otherwise. That from that date the plaintiff has never sold said wheat or ordered defendants to sell the same or given any order or direction in relation thereto, nor made any demand for the same.

That defendants are and always have been ready and able to sell said wheat for plaintiff at the market price, or to purchase the same, and pay him the market price therefor or to deliver to him the same quantity and quality of wheat according to his election or order, deducting however from the price thereof the amount due them for storage and insurance upon the terms above stated. The defendants say they are ready and willing to pay the market price of the wheat at the date of the commencement of this suit less the storage and insurance.

The reply says this is not true and that the wheat mentioned was agreed to be held by defendants in store subject to plaintiffs order. He denies that defendants since April 27, 1892, have kept this wheat in storage subject to plaintiff's order and denies that defendants have kept any wheat in store during that time from which on demand of plaintiff said amount of the same kind of wheat could be returned to plaintiff. Denies that defendants have kept the wheat insured, denies that plaintiff did not sell the wheat as averred in the answer, denies there is anything due for storage or insurance; denies he did not give orders to sell the wheat, and says the wheat was sold as averred in the petition.

The case proceeded to trial and the plaintiff being called proceeded to testify that on the morning of April 27, 1892, he called at the defendant's place of business and asked Stacy what they were paying for wheat, he said they were paying eighty-eight cents a bushel but would pay him eighty-eight and one-half cents a bushel. He told him he had some wheat to sell and would send it down. The next morning he sent to the defendant's elevator in Bloomdale by his sons 265 20-60 bushels of wheat. He says he gave no direction to his sons as to the disposition of the wheat, and on the next morning his son brought him a grain check or receipt. The receipt is as follows:

"BLOOMDALE ELEVATORS, *April 27, 1892.*

Received of Joseph Redfern two hundred sixty-five (265) bushels twenty-five (25) pounds wheat at stored per bushel payable to—or order only.

Signed                                        STACY & Co."

He says as soon as he saw the paper he told his son that was not what he wanted, that he wanted the wheat sold; his son told him that

Stacy had asked him what he wanted done with the wheat and he told him he did not know and that Stacy thereupon gave him this paper.

He says that on the same day he took the paper back to Stacy and Stacy and he agreed that the wheat should be sold—that he, Redfern, had the privilege of selling it at any time before the middle of July and that after that it should be considered sold ; that then Stacy wrote these words on the receipt : "To be sold not later than the middle of July without insurance."

The defendant, Stacy, being called as a witness gave evidence tending to show that he received this wheat in storage only and not otherwise.

The real question first, is as to the character of this paper which is offered in evidence. It should be borne in mind that the pleadings show for themselves that these parties were dealers in grain and also receiving grain in storage and the papers show they were in possession of the elevator where they received that grain. Upon the trial of the case the plaintiff wanted to offer testimony to show that the defendants did not have the full amount of grain on hand they should have had to have taken care of this receipt. That was ruled out and excepted to by the plaintiff.

The testimony I have read was received without objection. We are of the opinion that this paper upon the face of it states a contract and that it was the duty of the court to have instructed the jury as to that contract and as to its effect and what their duty was under it.

Our construction is this : That this grain being received by the parties who were buying grain was an agreement for a sale of this grain upon these conditions. They were to receive it and to hold it until the middle of July without insurance and without charge.

From the time it was put in store until the middle of July the plaintiff would have the option of demanding the sale of the grain at any time and at the market price. If he did not exercise that option by the middle of July the wheat was by the contract then sold to the defendants and the defendants would have the right to have tendered the market price at that time to the plaintiff and the plaintiff on his part had the right to demand the market price on that date and have the amount paid to him.

Under that view of the case the testimony that was sought to be offered in evidence here was immaterial and the court was right in ruling it out.

There was some question as to whether there had been a new contract made between these parties and the court should have submitted that question to the jury as to whether a new contract had been made, and given a charge to the jury as to the rights of the respective parties under that contract.

In so far as the charge of the court is at variance with the principles here laid down the court was in error, and holding the views we do, the judgment of the court of common pleas will be reversed and the verdict set aside and the case remanded for a new trial.

*A. Blackford, Dodge & Canary*, Attorneys for Plaintiff.

*Troup & Dunn*, Attorneys for Defendants.